UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLEY BURKETTE,

    Plaintiff,

vs.                              Case No.: 6:11-cv-1276-Orl-22DAB

TKE, INC., a/k/a: THE KESSLER
ENTERPRISE, INC.; GRAND THEME
HOTELS, INC., d/b/a: THE KESSLER
COLLECTION – INSPIRING PLACES;
GRAND BOHEMIAN HOTEL SP, INC.;
GRAND BOHEMIAN SP RESIDENTIAL,
LLC, f/k/a: GRAND BOHEMIAN SP
RESIDENTIAL, LTD.; ENTERPRISE
HOTELS OF ORLANDO, INC.; GRAND
PERFORMER, INC.,

    Defendants.
_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KIMBERLEY BURKETTE institutes this action for damages and other relief for sex discrimination and retaliation violative of her rights under federal and Florida law.

**Jurisdiction and Venue**

1.    This is an action for affirmative relief from the effects of practices violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (hereinafter "Title VII"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 to 760.11 (hereinafter "FCRA"), including back pay, damages, and declaratory and injunctive relief. The monetary relief sought is in excess of $15,000. This Court has jurisdiction pursuant to 28 U.S.C. §§

1331 and 1441.

2. Venue exists in this Court, as the events giving rise to this lawsuit occurred in Orange County, Florida.

## Parties

3. Plaintiff Kimberley Burkette is a resident of Orange County, Florida. Plaintiff formerly was employed as a server at the Grand Bohemian Hotel in Orlando, Florida.

4. Defendant TKE, Inc., also known as The Kessler Enterprise, is a real estate development company incorporated in Georgia that specializes in hotel properties and commercial real estate. On information and belief, Defendant TKE, Inc., is the parent company of the other defendants in this lawsuit. Defendant TKE, Inc., using the name The Kessler Enterprise, has held itself as Plaintiff's employer, and as "The Kessler Collection."

5. Defendant Grand Theme Hotels, Inc., is incorporated in Florida and owns the fictitious name "The Kessler Collection – Inspiring Places." The Grand Bohemian Hotel in Orlando is one of the "Kessler Collection" hotels. On information and belief, Defendant Grand Theme Hotels, doing business as "The Kessler Collection," owns and operates the Grand Bohemian Hotel in Orlando. On information and belief, Defendant Grand Theme Hotels, Inc., is a wholly owned subsidiary of TKE, Inc.

6. Defendant Grand Bohemian Hotel SP, Inc., formerly was incorporated in Florida. It was dissolved on or about April 2, 2008.

7. Defendant Grand Bohemian SP Residential, LLC, is a Florida limited liability company formerly known as Grand Bohemian SP Residential, Ltd. On information and belief,

Defendant Grand Bohemian SP Residential, LLC, is a wholly owned subsidiary of Defendant TKE, Inc., and is the owner of the fictitious name "Grand Bohemian Hotel and Residences."

8. Defendant Enterprise Hotels of Orlando, Inc., is a Florida corporation. It has held itself out as Plaintiff's employer, as well as "The Kessler Collection." On information and belief, Defendant Enterprise Hotels of Orlando is a wholly owned subsidiary of TKE, Inc.

9. Defendant Grand Performer, Inc., is a Florida corporation. It has held itself out as Plaintiff's employer. On information and belief, Defendant Grand Performer, Inc., is a wholly owned subsidiary of TKE, Inc. On information and belief, Defendant Grand Performer, Inc., is the payroll administrator for the Grand Bohemian Hotel in Orlando.

10. Defendants TKE, Inc., Grand Theme Hotels, Inc., Grand Bohemian SP Residential, LLC, Enterprise Hotels of Orlando, Inc., and Grand Performer, Inc., have the same corporate address: 4901 Vineland Road, Suite 650, Orlando, Florida 32811.

11. The address for claims against Defendant Grand Bohemian Hotel SP, Inc., is c/o The Kessler Enterprise, Inc., 4901 Vineland Road, Suite 650, Orlando, Florida 32811.

12. Defendants TKE, Inc., Grand Theme Hotels, Inc., Grand Bohemian SP Residential, LLC, Enterprise Hotels of Orlando, Inc., and Grand Performer, Inc., have common management. Prior to its dissolution, Grand Bohemian Hotel SP, Inc., had common management with the other Defendants.

**General Allegations**

13. Plaintiff worked as a server at the Grand Bohemian Hotel in Orlando, Florida, from on or about January 20, 2002, until her discharge on or about June 22, 2007.  Prior to

that, Plaintiff worked at a Kessler Collection hotel located in Celebration, Florida, starting on or about February 21, 2001.

14. During what turned out to be Plaintiff's last year of employment at the Grand Bohemian Hotel, Plaintiff was subjected to a gender-hostile working environment created by then Food and Beverage Director Michael Scheifler.

15. Scheifler was in Plaintiff's supervisory chain of command.

16. Scheifler's conduct included, but was not limited to, frequently making sexual comments and innuendoes (for example, commenting to Plaintiff: "I like that number 69, Kim. How about you? Do you like it?"); lustfully leering at female employees; talking to female employees in a sensual tone of voice but speaking to male employees in a normal tone of voice; treating Plaintiff and other female workers in a condescending or dismissive manner, while treating male employees with apparent respect and attentiveness; disparaging Plaintiff's and other female employees' appearance while ignoring that of male employees; belittling female, but not male, employees; requiring female employees to ask permission to use the restroom but not imposing such a requirement on male employees; laughing at Plaintiff when Plaintiff complained to him about the inequity of his requiring women but not men to ask for permission to use the bathroom; responding to Plaintiff's embarrassment at opening an unlocked door to an employee bathroom at a moment when a man was in the bathroom urinating by asking Plaintiff, "Was he good looking? Did you see anything good?"; and telling off-color stories, including bragging about his sexual prowess and exploits.

17. On June 15, 2007, which was a Friday, Plaintiff complained about Scheifler's

offensive conduct to an HR official. The HR official told Plaintiff that Scheifler's conduct was "terrible" and created a "hostile work environment," but that no action would be taken unless Plaintiff filled out official paperwork at the HR office. However, the HR official said the paperwork could not be completed that day because the HR office had already closed for the weekend. The HR official told Plaintiff to go to the HR office on the next day that both the HR office would be open and Plaintiff scheduled to work, which would have been Tuesday, June 19, 2007.

18. Plaintiff intended to go to the HR office on June 19, 2007, to fill out an official gender harassment complaint against Scheifler. However, when she arrived at work that day, Scheifler was waiting for her and escorted her to the HR office. Scheifler and the HR official to whom Plaintiff had complained then proceeded to suspend Plaintiff without pay.

19. Although Plaintiff was told that the suspension would last three days, a manager contacted Plaintiff on June 22, 2007, to tell her not to return to work allegedly because an investigation was ongoing. However, on or about this date, Plaintiff learned she would be replaced on the upcoming work schedule.

20. A few days later, Plaintiff received confirmation that she had been discharged.

21. As a result of Scheifler's harassing conduct, Plaintiff suffered emotional pain, mental anguish, humiliation, embarrassment, revulsion, stress, and fear.

22. As a result of Plaintiff's suspension and termination, Plaintiff suffered loss of employment, loss of wages and benefits, emotional pain, mental anguish, humiliation, embarrassment, stress, inconvenience, and out-of-pocket expenses.

### Count 1: Title VII—Sex Discrimination

23. Plaintiff incorporates by reference Paragraphs 1 to 21.

24. On information and belief Defendant TKE, Inc., was at all material times an "employer" within the meaning of Title VII.

25. On information and belief, Defendant Grand Theme Hotels, Inc., was at all material times an "employer" within the meaning of Title VII.

26. On information and belief, Defendant Grand Bohemian Hotel SP, Inc., was an employer at all material times within the meaning of Title VII.

27. On information and belief Defendant Grand Bohemian SP Residential, LLC was an "employer" within the meaning of Title VII at all material times.

28. On information and belief, Defendant Enterprise Hotels of Orlando, Inc., was an "employer" within the meaning of Title VII at all material times.

29. On information and belief, Defendant Grand Performer, Inc., was an "employer" within the meaning of Title VII at all material times.

30. Defendants engaged in sex discrimination by subjecting Plaintiff to a working environment that was hostile on the basis of gender.

31. Defendants acted with malice or in reckless disregard of Plaintiff's rights under Title VII.

32. As a result of Defendants' unlawful conduct, Plaintiff suffered emotional pain, mental anguish, humiliation, embarrassment, revulsion, stress, and fear.

33. Plaintiff satisfied all conditions precedent for bringing suit under Title VII.

WHEREFORE, Plaintiff requests compensatory damages for emotional pain, mental anguish, humiliation, embarrassment, revulsion, stress, and fear; punitive damages; declaratory relief; any other relief that the Court deems just; prejudgment interest; post-judgment interest; attorney's fees; and costs.

Plaintiff demands a jury trial.

### Count 2: Title VII—Retaliation

34. Plaintiff incorporates by reference Paragraphs 1-20 and 22.

35. On information and belief Defendant TKE, Inc., was at all material times an "employer" within the meaning of Title VII.

36. On information and belief, Defendant Grand Theme Hotels, Inc., was at all material times an "employer" within the meaning of Title VII.

37. On information and belief, Defendant Grand Bohemian Hotel SP, Inc., was an "employer" at all material times within the meaning of Title VII.

38. On information and belief Defendant Grand Bohemian SP Residential, LLC was an "employer" within the meaning of Title VII at all material times.

39. On information and belief, Defendant Enterprise Hotels of Orlando, Inc., was an "employer" within the meaning of Title VII at all material times.

40. On information and belief, Defendant Grand Performer, Inc., was an "employer" within the meaning of Title VII at all material times.

41. Plaintiff engaged in activity protected under Title VII when she complained of Scheifler's gender- and sexually-hostile harassing conduct.

42. Defendants engaged in adverse actions against Plaintiff in reprisal for her protected activity by suspending and discharging her.

43. Defendants acted with malice or in reckless disregard of Plaintiff's rights under Title VII.

44. As a result of Defendants' unlawful conduct, Plaintiff has suffered loss of employment, loss of wages and benefits, emotional pain, mental anguish, humiliation, embarrassment, stress, inconvenience, and out-of-pocket expenses.

45. Plaintiff satisfied all conditions precedent for bringing suit under Title VII.

WHEREFORE, Plaintiff requests reinstatement with retroactive seniority; lost wages and benefits; front pay, if reinstatement is infeasible; compensatory damages for emotional pain, mental anguish, humiliation, embarrassment, stress, inconvenience, and out-of-pocket expenses; punitive damages; declaratory relief; any other relief that the Court deems just; prejudgment interest; post-judgment interest; attorney's fees; and costs.

Plaintiff demands a jury trial.

### Count 3: FCRA—Sex Discrimination

46. Plaintiff incorporates by reference Paragraphs 1 to 21.

47. On information and belief Defendant TKE, Inc., was at all material times an "employer" within the meaning of the FCRA.

48. On information and belief, Defendant Grand Theme Hotels, Inc., was at all material times an "employer" within the meaning of the FCRA.

49. On information and belief, Defendant Grand Bohemian Hotel SP, Inc., was an

employer at all material times within the meaning of the FCRA.

50. On information and belief Defendant Grand Bohemian SP Residential, LLC was an "employer" within the meaning of the FCRA at all material times.

51. On information and belief, Defendant Enterprise Hotels of Orlando, Inc., was an "employer" within the meaning of the FCRA at all material times.

52. On information and belief, Defendant Grand Performer, Inc., was an "employer" within the meaning of the FCRA at all material times.

53. Defendants engaged in sex discrimination by subjecting Plaintiff to a working environment that was hostile on the basis of gender.

54. Defendants acted with malice or in reckless disregard of Plaintiff's rights under the FCRA.

55. As a result of Defendants' unlawful conduct, Plaintiff suffered emotional pain, mental anguish, humiliation, embarrassment, revulsion, stress, and fear.

56. Plaintiff satisfied all conditions precedent for bringing suit under the FCRA.

WHEREFORE, Plaintiff requests compensatory damages for emotional pain, mental anguish, humiliation, embarrassment, revulsion, stress, and fear; punitive damages; declaratory relief; any other relief that the Court deems just; prejudgment interest; post-judgment interest; attorney's fees; and costs.

Plaintiff demands a jury trial.

### Count 4: FCRA—Retaliation

57. Plaintiff incorporates by reference Paragraphs 1-20 and 22.

58. On information and belief Defendant TKE, Inc., was at all material times an "employer" within the meaning of the FCRA.

59. On information and belief, Defendant Grand Theme Hotels, Inc., was at all material times an "employer" within the meaning of the FCRA.

60. On information and belief, Defendant Grand Bohemian Hotel SP, Inc., was an "employer" within the meaning of the FCRA at all material times .

61. On information and belief Defendant Grand Bohemian SP Residential, LLC was an "employer" within the meaning of the FCRA at all material times.

62. On information and belief, Defendant Enterprise Hotels of Orlando, Inc., was an "employer" within the meaning of the FCRA at all material times.

63. On information and belief, Defendant Grand Performer, Inc., was an employer within the meaning of the FCRA at all material times.

64. Plaintiff engaged in activity protected under the FCRA when she complained of Scheifler's gender- and sexually-hostile harassing conduct.

65. Defendants engaged in adverse actions against Plaintiff in reprisal for her protected activity by suspending and discharging her.

66. Defendants acted with malice or in reckless disregard of Plaintiff's rights under the FCRA.

67. As a result of Defendants' unlawful conduct, Plaintiff has suffered loss of

employment, loss of wages and benefits, emotional pain, mental anguish, humiliation, embarrassment, stress, inconvenience, and out-of-pocket expenses.

68.     Plaintiff satisfied all conditions precedent for bringing suit under the FCRA.

WHEREFORE, Plaintiff requests reinstatement with retroactive seniority; lost wages and benefits; front pay, if reinstatement is infeasible; compensatory damages for emotional pain, mental anguish, humiliation, embarrassment, stress, inconvenience, and out-of-pocket expenses; punitive damages; declaratory relief; any other relief that the Court deems just; prejudgment interest; post-judgment interest; attorney's fees; and costs.

Plaintiff demands a jury trial.

Respectfully submitted this 12th day of April, 2012, by:

**Kathryn S. Piscitelli**
Kathryn S. Piscitelli
Florida Bar No. 0368598
E-mail: kpiscitelli@tampabay.rr.com
Peter F. Helwig
Florida Bar No. 0588113
E-mail: pfhelwig@tampabay.rr.com
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901
**Attorneys for Plaintiff**

**Certificate of Service**

I hereby certify that on April 12, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

**/s/ Kathryn S. Piscitelli**
Kathryn S. Piscitelli